# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Changzhou Maikesi Fitness Supplies Co., Ltd. d/b/a VEICK DIRECT; Danyang Shenghong Textile Co., Ltd d/b/a WHATAFIT<br><br>*Plaintiffs*,<br><br>v.<br><br>BRUNO INTELLECTUAL RESERVE LLC,<br><br>*Defendant*. | **Civil Action No.**<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiffs Changzhou Maikesi Fitness Supplies Co., Ltd. d/b/a VEICK DIRECT selling products under the "VEICK DIRECT" brand on Amazon.com, and Danyang Shenghong Textile Co., Ltd d/b/a WHATAFIT selling products under the "WHATAFIT" brand on Amazon.com, (hereinafter "VEIK DIRECT," and "WHATAFIT", respectively and "Plaintiffs" collectively), by and through their undersigned counsel, file this Complaint and Jury Demand against Defendant Bruno Intellectual Reserve LLC ("Defendant"), seeking a declaratory judgment of non-infringement of U.S. Patent No. 7,614,983 (the "983 Patent") with respect to certain Adjustable Dumbbells that are sold by Plaintiffs (the "Adjustable Dumbbells"). Upon actual knowledge concerning itself and its acts, and information and belief as to all other matters, Plaintiffs allege as follows:

1

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of noninfringement of a United States Patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

2. Plaintiffs seek a declaratory judgment that none of the claims of the U.S. Patent No. 7,614,983 (the "'983 Patent") are infringed by Plaintiffs' Adjustable Dumbbells.

3. Plaintiffs seek this relief because Defendant has accused Plaintiffs of patent infringement, alleging that the Adjustable Dumbbells infringe upon the '983 Patent, thereby creating an actual and justiciable controversy between Plaintiffs and Defendant. Therefore, without waiver of any rights, the Plaintiffs bring this declaratory judgment action seeking a declaration that the Adjustable Dumbbells do not infringe the '983 Patent.

## THE PARTIES

4. VEICK DIRECT is a corporation that is organized and exists under the laws of the People's Republic of China. VEICK DIRECT maintains a business address at Room 2-A1903, Building 2 and 3, Chuangyan Port, Changzhou Science and Education Town, No. 18, Changwu Middle Road, Wujin District, Changzhou City, China.

5. WHATAFIT is a corporation that is organized and exists under the laws of the People's Republic of China. WHATAFIT maintains a business address at No. 288, Kangfu Road, Dongbo Village, Daoshu Town, Danyang City, Zhenjiang City, China.

6. On information and belief, Defendant is a limited liability company existing under the laws of Nevada and has a principal place of business at 8401 Southern Blvd, Youngstown, OH 44512.

7. On information and belief, Defendant is a Non-Practicing Entity that does not make, manufacture, use, offer for sale, sell, and/or import of products in connection with the '983 Patent.

2

Plaintiff has been unable to locate a website for Defendant and there is limited information online as to its business activities. One website located by Plaintiffs contains the following statement: "Bruno Intellectual Reserve LLC is a company based in Youngstown, OH that specializes in providing intellectual property services to individuals and businesses. With a focus on innovation and protection of ideas, the company offers a range of services including patent filing, trademark registration, and intellectual property consulting."[1]

8. On information and belief, Defendant may be served through its registered agent, Micheal Gayetsky, 8401 Southern Blvd, Boardman, OH 44512.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202; and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

10. The Court has personal jurisdiction over Defendant because Defendant has its principal place of business in Ohio and in this District. On information and belief, Defendant has transacted and continues to transact business in this District, including, but not limited to, conducting business transactions concerning the subject matter claimed in the '983 Patent at issue in this case.

11. Venue is proper in this District under 28 U.S.C. § 1400(a) and 1400(b) because Defendant and/or its agent resides or may be found in this District, and, on information and belief, Defendant has a regular and established place of business in this District.

## BACKGROUND

12. The '983 Patent bears the title "Apparatus for Adjusting Weight Resistance to Exercise" and states that it was issued on November 10, 2009. The '983 Patent is a continuation

---

[1] *See* https://www.mapquest.com/us/ohio/bruno-intellectual-reserve-llc-420426552.

of application No. 11/410,744 filed on April 25, 2006. The '983 Patent also claims the benefit of U.S. Provisional Application No. 60/677,150, filed on May 3, 2005. The '983 Patent identified Mark A. Krull as the inventor. A copy of the '983 Patent is attached as Exhibit 1.

13. The United States Patent and Trademark Office Assignment Database contains a record of an assignment of the '983 Patent from Mark A. Krull to Core Health & Fitness, LLC executed September 6, 2013, and recorded September 10, 2013 at Reel/Frame 031177/0834, from Core Health & Fitness, LLC to Defendant executed July 30, 2020, and recorded July 30, 2020 at Reel/Frame 053358/0378.

14. The '983 Patent was issued with 11 claims. Claims 1, 9, and 11 are all independent claims.

## THE ADJUSTABLE DUMBBELLS

15. VEICK DIRECT sells the Adjustable Dumbbells on Amazon under the storefront VEICK DIRECT (Store ID: A3I3YHXSOJKSTY), which has earned a significant reputation and customer recognition. The VEICK DIRECT Adjustable Product listings at issue are identified by ASIN No. B0CNT1ZY6N, B0C7PVLFBD, B0CJXWNKF6, and B0CJ931H2V. An exemplary figure of VEICK DIRECT Adjustable Dumbbells is shown in Illustration 1 below:



**Illustration 1: Exemplary VEICK DIRECT Adjustable Dumbbells**

16. WHATAFIT sells the Adjustable Dumbbells on Amazon under the storefront

danyangshishenghongzhidaiyouxiangongsi (Store ID: AXVJ6LSUKDLD0) which has earned significant reputation and customer recognition. The WHATAFIT Adjustable Product listings at issue are identified by ASIN No. B0CGF2CKBV, B0D6R7KMWY, B0D1TTDGYM, and B0D6R5DPBM. An exemplary figure of WHATAFIT Adjustable Dumbbells is shown in Illustration 2 below:



**Illustration 2: Exemplary WHATAFIT Adjustable Dumbbells**

17. The Amazon marketplace constitutes the Plaintiffs' primary sales channel in the United States. The Adjustable Dumbbells are known for their outstanding quality and dependability at an affordable price.

### DEFENDANT'S INEQUITABLE CONDUCT AND ABUSE OF AMAZON'S PATENT INFRINGEMENT REPORTING SYSTEM

18. On information and belief, Defendant has engaged in a pattern of inequitable conduct by purposefully and willfully leveraging the Amazon Patent Evaluation Xpress ("APEX") process and unjustly and frivolously initiating patent infringement complaints concerning unrelated products. Defendant's actions constitute an abuse of the APEX process. Indeed, despite the resolution provided through APEX proceedings, Defendant has wrongfully extended the result obtained from one single unrelated APEX to initiate infringement complaints on other product listings, including the Adjustable Dumbbells at issue here that were not addressed in or related to the initial APEX evaluation.

19. Defendant has improperly piggybacked on the outcome of a single unrelated APEX resolution– based solely on the limited standard of whether the patent owner is "***likely to prove***"[2] that the accused products infringe the asserted claim – to unjustifiably target and remove Plaintiffs' listings for Adjustable Dumbbells, which were not included in the initial APEX process. *See supra* at ¶¶ 15-16 (identifying Adjustable Dumbbells corresponding to the ASINs). This broad and unreasonable action by Defendant was taken without initiating any formal arbitration or legal proceedings to substantiate these ungrounded allegations.

20. By filing these baseless Amazon Infringement Complaints, Defendant has circumvented the purpose and binding resolution of the APEX process, effectively and purposefully disregarding the finality of the APEX evaluation and misrepresenting its outcome to Amazon.com to achieve unjust ends. Such inequitable conduct also operates to bypass established federal patent litigation processes, undermining both the APEX mechanism and the jurisdiction of federal courts in adjudicating patent infringement disputes.

21. Defendant's inequitable conduct in leveraging the APEX process to circumvent formal processes significantly harms Plaintiffs. In addition to the direct detrimental impact on monetary losses, the delisting of Adjustable Dumbbells immediately results in a loss of sales, market share, product reviews, and product ratings, which are all crucial metrics in ranking an Amazon seller's performance. Amazon ranking is also essential for product visibility among consumer search results and for garnering the "Amazon Choice" Badge or "Amazon Bestseller" designations, symbolizing acceptance from the general consumer base.

## COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '983 PATENT)

22. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 21.

---

[2] *See* Ex. 2 at Section 5.

23. An actual controversy exists with respect to the '983 Patent due at least to Defendant's assertion that Plaintiffs infringe one or more claims of the '983 Patent, including independent claim 1. Defendant's wrongful assertion of the '983 Patent against Plaintiffs has caused and will continue to cause Plaintiffs irreparable injury and damage.

24. Claim 1 of the '983 Patent recites:

| Limitation | Claim Language |
|---|---|
| 1[PRE] | An exercise apparatus, comprising: |
| 1[A] | a liftable member having at least one weight supporting section; |
| 1[B] | weights sized and configured to be supported by the at least one weight supporting section |
| 1[C] | a weight selector rotatable mounted on the liftable member for rotation about an axis extending lengthwise between adjacent said weights, wherein the weight selector is configured for rotation through a cavity defined between adjacent said weights. |

25. By way of example, the Adjustable Dumbbells do not satisfy at least limitations 1[B] and 1[C] of Claim 1 of the '983 Patent.

26. Plaintiffs' Adjustable Dumbbells do not infringe any claims of the '983 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

27. Plaintiffs reserve the right to assert additional non-infringement grounds, especially regarding newly asserted claims of the '983 Patent in addition to independent claim 1.

28. In view of the foregoing, Plaintiffs seek and are entitled to Declaratory Judgment that Plaintiffs' Adjustable Dumbbells do not infringe any claim of the '983 Patent, and as a result, none of the acts of making, using, offering for sale, selling, and/or importing of Adjustable Dumbbells infringe any claim of the '983 Patent. A judicial determination of the respective rights of the parties with respect to noninfringement of the claims of the '983 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding alleged infringement

of the '983 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment against Defendants as follows:

A. A declaration that the Plaintiffs' Adjustable Dumbbells have not and do not directly or indirectly infringe, either literally or under the doctrine of equivalents, any claim of the '983 Patent;

B. A preliminary injunction and permanent injunction ordering Defendant to withdraw all Amazon infringement complaints in connection with the ASINs at issue, identified *supra* at ¶¶ 15-16, lodged against the Plaintiffs regarding the '983 Patent, and to make no further complaints of infringement to Amazon.com against Plaintiffs' Adjustable Dumbbells based on the '983 Patent or any related patent;

C. A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285;

D. An award of Plaintiffs' reasonable attorneys' fees, costs, and expenses under 35 U.S.C. § 285, any applicable Ohio statutes, or common law; and

E. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury in this action of all issues so triable.

Dated: October 29, 2024

Respectfully submitted,

By: */s/ Yizhou Liu*
Yizhou Liu (0093842)
bliu@calfee.com
Nicholas P. Zalany (0080095)
nzalany@calfee.com
Calfee, Halter & Griswold LLP
The Calfee Building

1405 East Sixth Street
Cleveland, Ohio 44114
(216) 622-8200 (Telephone)
(216) 241-0815 (Facsimile)

Shaoyi Che
Texas Bar No. 24139843
*Pro Hac Vice Application Forthcoming*
YZ Law Firm LLP
9355 John W. Elliot Dr, Ste 25555
Frisco, TX 75033
Telephone: (717) 440-3382
che@yzlaw.com

*Attorneys for Plaintiffs*